Patricia Jane Morgensen and
David Morgensen
375 Woodland Drive
Scotts Valley, California 95066

THE UNITED STATE BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re ) | Case No. 11-55931 |
| ) | R.S. No. ELT-1175 |
| Patricia Jane Morgensen ) | Chapter 13 |
| ) | |
| Debtor ) | **ADVERSARY PROCEEDING ACTION IN THE FORM OF A VERIFIED COMPLAINT TO SET ASIDE A FRAUDULENT FORECLOSURE, FOR DAMAGES, FOR ATTEMPTED CONVERSION, AND FOR AN ORDER DISCHARGING THE ALLEGED LOAN, DUE TO FRAUD, DECEIT, MISREPRESENTATION, LACK OF FULL DISCLOSURE, AND LACK OF CONSTITUTIONAL DUE PROCESS OF LAW** |
| ) | |
| Central Mortgage Company DBA ) | |
| Central Mortgage Loan Servicing ) | |
| Company and its successors and/or ) | |
| assignees, and its successors and ) | A violation of Title 18 - Money Laundering. |
| assignees, ) | |
| ) | |
| Movant, ) | A SEVENTH AMENDMENT "TRIAL <u>BY</u> JURY" IS |

1
ADVERSARY PROCEEDING ACTION IN THE FORM OF A VERIFIED COMPLAINT TO SET ASIDE A
FRAUDULENT FORECLOSURE, FOR DAMAGES, FOR ATTEMPTED CONVERSION, AND FOR AN ORDER
DISCHARGING THE ALLEGED LOAN, DUE TO FRAUD, DECEIT, MISREPRESENTATION, LACK OF FULL
DISCLOSURE, AND LACK OF CONSTITUTIONAL DUE PROCESS OF LAW

| | |
|---|---|
| Vs. | ) DEMANDED, AS THE VALUE IN<br>) CONTROVERSY IS MORE<br>) THAN 20 DOLLARS.<br>)<br>) AN ADVISORY ONLY "JURY<br>) TRIAL" IS THUS HEREBY<br>) REJECTED<br>)<br>) U.S.C.A. Title 42 Section 1983, as<br>) well as the Racketeering Influenced<br>) and Corrupt Organizations Act<br>) (RICO) (18 USCS Sections 1961 et<br>) seq.)<br>) |
| Patricia Jane Morgensen, Debtor,<br>David Morgensen, Co-Debter and<br>Derhaen-Burk, Trustee,<br><br>Respondents | |

## JURISDICTION

This United State Bankruptcy Court for the Northern District of California has Jurisdiction of the actions committed within the Northern District of California. This action is therefore filed pursuant to the United State Bankruptcy laws of the United State of American, the Constitution for the United State of America, plus U.S.C.A. Title 42 Section 1983, 1985 & 1998 by virtue of Title 18, Sections 1331, and 1367(a), and the Racketeering Influenced and Corrupt Organizations Act (RICO) (18 USCS Sections 1961 et seq.)

## STATEMENT OF MATERIAL FACTS BY THIS DECLARATION AND AFFIDADIT OF

Patricia Jane Morgensen and David Morgensen.

RE: Deed of Trust Recorded on 06/29/06 in Instrument No. 2006-0442655. the undersigned hereby declares and verifies as follows:

2
ADVERSARY PROCEEDING ACTION IN THE FORM OF A VERIFIED COMPLAINT TO SET ASIDE A
FRAUDULENT FORECLOSURE, FOR DAMAGES, FOR ATTEMPTED CONVERSION, AND FOR AN ORDER
DISCHARGING THE ALLEGED LOAN, DUE TO FRAUD, DECEIT, MISREPRESENTATION, LACK OF FULL
DISCLOSURE, AND LACK OF CONSTITUTIONAL DUE PROCESS OF LAW

The undersigned Plaintiffs, Patricia Jane Morgensen and David Morgensen, hereby presents this their **ADVERSARY PROCEEDING ACTION IN THE FORM OF A VERIFIED COMPLAINT TO SET ASIDE A FRAUDULENT FORECLOSURE, FOR DAMAGES, FOR ATTEMPTED CONVERSION, AND FOR AN ORDER DISCHARGING THE ALLEGED LOAN, DUE TO FRAUD, DECEIT, MISREPRESENTATION, LACK OF FULL DISCLOSURE, AND LACK OF CONSTITUTIONAL DUE PROCESS OF LAW,** in affidavit form due to actions of Fraud/Deception and the Conspiracy to Commit Fraud/Deception and to do so against all the named Defendants above as follows:

**STATEMENT OF FACTS, NO. 1.**

We, the undersigned, Patricia Jane Morgensen and David Morgensen, have chosen this documented method of (1.) Setting the appealable record, and (2.) Lawfully shifting the legal burden *to the opposition*, to either tacitly accept the Facts as stated hereinbelow by a non-response, or, in the alternative, to respond timely and place contrary Facts into the record, in Sworn and Notarized Affidavit form, and to present them to the named Plaintiffs, Patricia Jane Morgensen and David Morgensen, within twenty (20) days, so they can either accept the different facts, or on the contrary, reject them by presenting additional facts that will support their stated facts. This record will then be available for the consideration of the FACT FINDER - TRIAL BY JURY, so that it may make an informed, educated, and knowledgeable judicial determination in the form of a requested STATEMENT OF FACTS AND CONCLUSION(S) OF LAW on each and every issue herein presented.

# MEMORANDUM OF LAW REGARDING AFFIDAVITS

TRUSLOW v. WOODRUFF 60 Cal Rptr 304, "When no facts are filed in opposition . . . , trial court is entitled to accept as true the facts alleged in movant's *affidavits* if such facts are within affiant's personal knowledge and are ones to which they could competently testify. West's Ana Code.Civ. Proc, section 437c.

LEO F. PIAZZA PAVING CO. v. FOUNDATION. ETC. Cal.Rptr. 265, ". . . , failure to file an affidavit cannot be remedied by resort to pleadings; <u>adverse party must file affidavit in opposition</u> showing sufficient facts to substantiate their allegations." (Emphasis added)

LELTER v. SELTZER, 80 Cal.rptr. 686, "Where party against whom motion for summary judgment is made files no counter affidavit, trial court is entitled to accept as true allegations of movant's affidavit and <u>must assume that other party either cannot dispute truth of statements in such document or cannot controvert them.</u>" (Emphasis added).

**STATEMENT OF FACT, NO. 2.**

Plaintiff's lawful Christian names are Patricia Jane Morgensen and David Morgensen, as specifically spelled in all contracts in upper *AND* lower case letters as shown in the line above.

4
ADVERSARY PROCEEDING ACTION IN THE FORM OF A VERIFIED COMPLAINT TO SET ASIDE A FRAUDULENT FORECLOSURE, FOR DAMAGES, FOR ATTEMPTED CONVERSION, AND FOR AN ORDER DISCHARGING THE ALLEGED LOAN, DUE TO FRAUD, DECEIT, MISREPRESENTATION, LACK OF FULL DISCLOSURE, AND LACK OF CONSTITUTIONAL DUE PROCESS OF LAW

**STATEMENT OF FACT, NO. 3.**

~~Plaintiffss (Upper and lower case spelling) name is Patricia Jane Morgensen~~ and David Morgensen and is NOT the same contractual legal entity as the all UPPER case spelled entity PATRICIA JANE MORGENSEN AND DAVID MORGENSEN.

**STATEMENT OF FACT, NO. 4.**

Plaintiffs are over the age of twenty-one years, and have personal knowledge of the matters set forth herein, of which they can competently testify.

**STATEMENT OF FACT, NO. 5.**

Plaintiffs state that all of the facts set forth herein, are accurate, and correct, and admissible as evidence.

**STATEMENT OF FACT, NO. 6.**

Plaintiffs are currently not members of, or participant in any Armed Forces, or military of the United State, or the Armed Forces, or military of any other nation, or country.

**STATEMENT OF FACT, NO. 7.**

Plaintiffs are living in Scotts Valley Township and in the state of California also known as the California Republic.

5
ADVERSARY PROCEEDING ACTION IN THE FORM OF A VERIFIED COMPLAINT TO SET ASIDE A FRAUDULENT FORECLOSURE, FOR DAMAGES, FOR ATTEMPTED CONVERSION, AND FOR AN ORDER DISCHARGING THE ALLEGED LOAN, DUE TO FRAUD, DECEIT, MISREPRESENTATION, LACK OF FULL DISCLOSURE, AND LACK OF CONSTITUTIONAL DUE PROCESS OF LAW

Case: 12-05200    Doc# 1    Filed: 10/10/12    Entered: 10/10/12 13:41:44    Page 5 of 18

**STATEMENT OF FACT, NO. 8.**

Plaintiffs receive their written communication and correspondence through the regular United State Postal Service, addressed as follows:

> Patricia Jane Morgensen and David Morgensen
> c/o 375 Woodland Drive
> Scotts Valley, California
> [Postal Zone 95066]

**STATEMENT OF FACT, NO. 9.**

Plaintiffs have just recently learned, and herein allege the following material facts:

**STATEMENT OF FACT, NO. 10.**

Defendants are California Corporations or registered to do business in California, or the Chief Officer in Charge of their Corporation who have been authorized to conduct business for the Corporations in which they are in charge.

**STATEMENT OF FACT, NO. 11.**

On or about the Spring of 2006 Defendant(s) 2CI Direct, LLC, a California Corporation, and its President and/or C.E.O., advertised to the public that they had in their possession, lawful money to lend to the Plaintiffs.

**STATEMENT OF FACT, NO. 12.**

Thereafter, the Plaintiffs, relying upon the Defendants advertised offer, accepted the offer.

6
ADVERSARY PROCEEDING ACTION IN THE FORM OF A VERIFIED COMPLAINT TO SET ASIDE A FRAUDULENT FORECLOSURE, FOR DAMAGES, FOR ATTEMPTED CONVERSION, AND FOR AN ORDER DISCHARGING THE ALLEGED LOAN, DUE TO FRAUD, DECEIT, MISREPRESENTATION, LACK OF FULL DISCLOSURE, AND LACK OF CONSTITUTIONAL DUE PROCESS OF LAW

Case: 12-05200   Doc# 1   Filed: 10/10/12   Entered: 10/10/12 13:41:44   Page 6 of 18

## STATEMENT OF FACT, NO. 13.

~~Defendants, knowing that their offer was false and/or misleading, thereafter~~ drew up a contract, Promissory Note and Deed of Trust to which Plaintiffs relied upon as to be correct.

## STATEMENT OF FACT, NO. 14.

Defendants knew that their offer was false and misleading because they did not have the money in any account to be used for the loan since their assets were less then their liabilities.

## STATEMENT OF FACT, NO. 15.

Thereafter, on or about the middle of June, 2006, while being deceived, Plaintiffs signed the contract, Promissory Note and Deed of Trust to property, with their name specifically written in upper AND lower case letters, and not on all upper case letters as was shown on the foreclosure papers - a legal distinction being made.

## STATEMENT OF FACT, NO. 16.

Thereafter, these Defendants, by their consent and agreement, endorsed the Promissory Note as one would a check, opened an account in the name of the Plaintiffs by forging their signature without their knowledge or consent and deposited the amount listed on the note as an asset. Thereafter they then used this account as an asset to fund the alleged loan. This action was much like a counterfeiter would do to create unlawful money in that they knew that there was no lawful money in the account for them to loan. This action also violated the

7
ADVERSARY PROCEEDING ACTION IN THE FORM OF A VERIFIED COMPLAINT TO SET ASIDE A FRAUDULENT FORECLOSURE, FOR DAMAGES, FOR ATTEMPTED CONVERSION, AND FOR AN ORDER DISCHARGING THE ALLEGED LOAN, DUE TO FRAUD, DECEIT, MISREPRESENTATION, LACK OF FULL DISCLOSURE, AND LACK OF CONSTITUTIONAL DUE PROCESS OF LAW

Case: 12-05200    Doc# 1    Filed: 10/10/12    Entered: 10/10/12 13:41:44    Page 7 of 18

lawful bookkeeping procedure known as GENERAL ACCEPTED ACCOUNTING PRINCIPLES (GAAP) by listing the alleged loan as a company asset of its face amount of the promissory note, but without also listing a corresponding liability, presenting a bookkeeping defect upon the corporate books, thereby being unbalanced.

**STATEMENT OF FACT, NO. 17.**

Thereafter, the Defendants sent through the mail monthly bills/demands for the Plaintiffs to PAY a certain amount or they would foreclose on the property listed on the deed of trust.

**STATEMENT OF FACT, NO. 18.**

Thereafter these Defendants sold/transferred the note and deed of trust to Defendant ACE Securities Corp. Home Equity Loan Trust, Series 2006-ASAP5, a California Corporation, with the full knowledge of its President and/or C.E.O.

**STATEMENT OF FACT, NO. 19.**

Plaintiffs are now fearful that they was intently or mistakenly led or duped into becoming a participant in the above money laundering scheme.

**STATEMENT OF FACT, NO. 20.**

Then ACE Securities Corp. Home Equity Loan Trust, Series 2006-ASAP5, a California Corporation, and through its President and/or C.E.O., sent through the United State Mail, a document entitled; "NOTICE OF TRUSTEE'S SALE", dated May 17, 2007, with a sale date of 06/06/07.

8
ADVERSARY PROCEEDING ACTION IN THE FORM OF A VERIFIED COMPLAINT TO SET ASIDE A FRAUDULENT FORECLOSURE, FOR DAMAGES, FOR ATTEMPTED CONVERSION, AND FOR AN ORDER DISCHARGING THE ALLEGED LOAN, DUE TO FRAUD, DECEIT, MISREPRESENTATION, LACK OF FULL DISCLOSURE, AND LACK OF CONSTITUTIONAL DUE PROCESS OF LAW

Case: 12-05200   Doc# 1   Filed: 10/10/12   Entered: 10/10/12 13:41:44   Page 8 of 18

**STATEMENT OF FACT, NO. 21.**

All of the Defendants actions were done as a conspiracy to commit fraud upon the Plaintiffs, and their actions have now caused the Plaintiffs injury, not only intrinsic injury, but injury to their credit, injury to their good name and injury to their body by stress and anguish.

**STATEMENT OF FACT, NO. 22.**

The above facts can be affirmatively proved, not only because of the Defendants lack of the ability to produce any <u>verified</u>, (sworn to under oath), accounting of the account and the amount allegedly owed, but by the inability to produce truthful records as to where the alleged lawful money that was to be loaned was before it was transferred.

**STATEMENT OF FACT, NO. 23.**

The alleged "loan" was fraudulently funded with so-called "funds" that were "created" by the original, so-called lender, Defendant, 2CI Direct, LLC, A California Corporation, from money laundering, by the fraudulent use of Plaintiffs's signature on their original document entitled, PROMISSORY NOTE. This is nothing more than the crime clearly stated as the main element of Title 18 Money Laundering, or "the transfer of funds to a legitimate entity without being able to trace the source of the funds transferred." It appears that now I am being used in a criminal, fraudulent money laundering scheme, and when I found out I refused to participate in it any longer.

9
ADVERSARY PROCEEDING ACTION IN THE FORM OF A VERIFIED COMPLAINT TO SET ASIDE A FRAUDULENT FORECLOSURE, FOR DAMAGES, FOR ATTEMPTED CONVERSION, AND FOR AN ORDER DISCHARGING THE ALLEGED LOAN, DUE TO FRAUD, DECEIT, MISREPRESENTATION, LACK OF FULL DISCLOSURE, AND LACK OF CONSTITUTIONAL DUE PROCESS OF LAW

Case: 12-05200   Doc# 1   Filed: 10/10/12   Entered: 10/10/12 13:41:44   Page 9 of 18

**STATEMENT OF FACT, NO. 24.**

~~The original so-called lender, Defendants, Defendant, 2CI Direct, LLC, A~~ California Corporation, did NOT, as a matter of law, lend Patricia Jane Morgensen and David Morgensen, any money or funds of their stock holders, investors, depositors, or from a pool of loan money.

**STATEMENT OF FACT, NO. 25.**

The original so-called lender, Defendant, 2CI Direct, LLC, A California Corporation, invested no more than $2,000, in credit checks, title searches, secretarial services, etc., in the criminal "creation" of their alleged "loan".

**STATEMENT OF FACT, NO. 26.**

The original so-called lender, Defendant, 2CI Direct, LLC, A California Corporation, was reimbursed their total cost, after the first few required monthly payments were received.

**STATEMENT OF FACT, NO. 27.**

The original so-called lender, Defendant, 2CI Direct, LLC, A California Corporation, was never injured in any way regarding any payment history of the subject "loan".

**STATEMENT OF FACT, NO. 28.**

The original so-called lender, Defendant, 2CI Direct, LLC, A California Corporation, deposited the subject signed PROMISSORY NOTE, in a special account, with an all capital letter entity, identified as PATRICIA JANE

Case: 12-05200   Doc# 1   Filed: 10/10/12   Entered: 10/10/12 13:41:44   Page 10 of 18

MORGENSEN and DAVID MORGENSEN, which is NOT the same entity as the one who signed their name in upper AND lower case letters as did Plaintiffs Patricia Jane Morgensen and David Morgensen.

**STATEMENT OF FACT, NO. 29.**

The original so-called lender, Defendant, 2CI Direct, LLC, A California Corporation, then violated the lawful and mandated bookkeeping procedure known as GENERAL ACCEPTED ACCOUNTING PRINCIPALS (G.A.A.P.) by listing the alleged "loan" as a "company asset", using the face amount of the original PROMISSORY NOTE, but, WITHOUT also listing a corresponding and mandatory "liability", presenting a bookkeeping, criminal defect indicating that the corporate books were NOT balanced.

**STATEMENT OF FACT, NO. 30.**

The original so-called lender, Defendant, 2CI Direct, LLC, A California Corporation, after servicing their alleged loan, then sold their alleged "loan" for an origination fee, to Defendant, HSBC Bank USA, N.A., thereafter servicing the alleged loan wherein they all became a co-conspirator, and new parties who then continued the sham.

**STATEMENT OF FACT, NO. 31.**

Foreclosing and selling the private land and house, was an act of "Conversion" whereby the above named defendants converted their fraudulent paper for the bricks and mortar of Patricia Jane Morgensen and David

11
ADVERSARY PROCEEDING ACTION IN THE FORM OF A VERIFIED COMPLAINT TO SET ASIDE A FRAUDULENT FORECLOSURE, FOR DAMAGES, FOR ATTEMPTED CONVERSION, AND FOR AN ORDER DISCHARGING THE ALLEGED LOAN, DUE TO FRAUD, DECEIT, MISREPRESENTATION, LACK OF FULL DISCLOSURE, AND LACK OF CONSTITUTIONAL DUE PROCESS OF LAW

Case: 12-05200   Doc# 1   Filed: 10/10/12   Entered: 10/10/12 13:41:44   Page 11 of 18

Morgensen's private land and house, after they have been completely reimbursed for any in-house costs developing and creating their allege "loan".

**STATEMENT OF FACT, NO. 32.**

A complete DISCHARGE of the alleged "loan" would leave all named defendants completely and totally uninjured, as they have collected much more "funds" than they had originally expended in the creation and servicing of the subject alleged "loan".

**STATEMENT OF FACT, NO. 33.**

By the defendants mailing demands for payments and a Notice of Foreclosure, they have committed Mail Fraud, and are also guilty of Wire Fraud, as they have recorded their telephone conversations with the Plaintiffs. They are also guilty of Criminal Solicitation, and the Plaintiffs have now taken steps to remove themselves from this conspiracy, fraud and crime, but only to their detriment.

**STATEMENT OF FACT, NO. 34.**

DEMAND is hereby made for the named defendants, in their ANSWER, to produce admissible evidence indicating where the subject "loan money" came from, who they got it from, and where did it come from before that.

**STATEMENT OF FACT, NO. 35.**

DEMAND is hereby made for any of the above named defendants who may have contrary information to the above statement of facts, to present them

12
ADVERSARY PROCEEDING ACTION IN THE FORM OF A VERIFIED COMPLAINT TO SET ASIDE A FRAUDULENT FORECLOSURE, FOR DAMAGES, FOR ATTEMPTED CONVERSION, AND FOR AN ORDER DISCHARGING THE ALLEGED LOAN, DUE TO FRAUD, DECEIT, MISREPRESENTATION, LACK OF FULL DISCLOSURE, AND LACK OF CONSTITUTIONAL DUE PROCESS OF LAW

Case: 12-05200   Doc# 1   Filed: 10/10/12   Entered: 10/10/12 13:41:44   Page 12 of 18

into the record, and to show how they would be financially injured by the complete and total DISCHARGE of their alleged "loan".

## FIRST CAUSE OF ACTION

**Denial of Constitutional DUE PROCESS – A Federal Question**

As to ALL named defendants, **Mortgage Electronic Registration Systems, Inc., a California Corporation; 2CI Direct, LLC, a California Corporation; Downey Savings and loan Association, F.A.; Central Mortgage Company DBA Central Loan Servicing Company and its successors and/or assignees, and its successors and/or assignees**; Plaintiffs repeat, reiterate and re-allege by reference each and every allegation contained in the Statement of Facts in this complaint designated "1" through "35," inclusive, with the same force and effect as though each are fully set forth in full herein.

Plaintiffs Patricia Jane Morgensen and David Morgensen declare that they are informed and believe and upon that information and belief allege that they had a Constitutional Right to DUE PROCESS OF LAW regarding the lawful creation of the alleged "loan" and its possible future foreclosure.

The named defendants, **Mortgage Electronic Registration Systems, Inc., a California Corporation; 2CI Direct, LLC, a California Corporation; Downey Savings and Loan Association ,F.A.; Central Mortgage Company DBA Central Mortgage Loan Servicing Company and its successors and/or assignees, and its successors and/or assignees;** had a constitutional PRIMARY DUTY and responsibility, to provide DUE PROCESS OF LAW to Plaintiffss Patricia Jane Morgensen and David Morgensen, regarding the lawful creation of the alleged "loan" and its possible future foreclosure.

Case: 12-05200    Doc# 1    Filed: 10/10/12    Entered: 10/10/12 13:41:44    Page 13 of 18

Patricia Jane Morgensen and David Morgensen, state that solely by reason of all the foregoing actions and inactions, by the named defendants, it was the above-described wrongs which are the proximate cause of the emotional distress and suffering, the related social injury, and the financial injury, costs, expenses, and loss of earnings, and reputation in an amount to be shown and proven at trial. Plaintiffs Patricia Jane Morgensen and David Morgensen, in no way instigated, caused or contributed to the complained of conduct.

Patricia Jane Morgensen and David Morgensen, further state that the allegations of this Cause of Action are stated on their personal experience, information and belief with more evidentiary support likely after a reasonable opportunity for further investigation or discovery.

## SECOND CAUSE OF ACTION

**U.S.C.A. Title 42 Section 1983, 1985 & 1998 by virtue of Title 18, Sections 1331, and 1367(a)**

As to ALL named defendants, **Mortgage Electronic Registration Systems, Inc., a California Corporation; 2CI Direct, LLC, a California Corporation; Downey Savings and Loan Association, F.A.; Central Mortgage Company DBA Central Mortgage Loan Servicing Company and its successors and/or assignees, and its successors and/or assignees**; Plaintiffs repeat, reiterate and re-allege by reference each and every allegation contained in the Statement of Facts in this complaint designated "1" through "35," inclusive, with the same force and effect as though each are fully set forth in full herein.

Plaintiffs Patricia Jane Morgensen and David Morgensen declare that they are informed and believe and upon that information and belief allege that the

14
ADVERSARY PROCEEDING ACTION IN THE FORM OF A VERIFIED COMPLAINT TO SET ASIDE A
FRAUDULENT FORECLOSURE, FOR DAMAGES, FOR ATTEMPTED CONVERSION, AND FOR AN ORDER
DISCHARGING THE ALLEGED LOAN, DUE TO FRAUD, DECEIT, MISREPRESENTATION, LACK OF FULL
DISCLOSURE, AND LACK OF CONSTITUTIONAL DUE PROCESS OF LAW

Case: 12-05200    Doc# 1    Filed: 10/10/12    Entered: 10/10/12 13:41:44    Page 14 of 18

designated "1" through "35," inclusive, with the same force and effect as though each are fully set forth in full herein.

Plaintiffs Patricia Jane Morgensen and David Morgensen declare that they are informed and believe and upon that information and belief allege that the named defendants have met together and conspired under the color of state law to deprive them of the Constitutional Right to DUE PROCESS OF LAW regarding the lawful creation of the alleged "loan" and its possible future foreclosure.

The named defendants, had a constitutional PRIMARY DUTY and responsibility, to provide DUE PROCESS OF LAW to Plaintiffs Patricia Jane Morgensen and David Morgensen, regarding the lawful creation of the alleged "loan" and its possible future foreclosure.

Patricia Jane Morgensen and David Morgensen, state that solely by reason of all the foregoing actions and inactions, by the named defendants, it was the above-described wrongs which are the proximate cause of the emotional distress and suffering, the related social injury, and the financial injury, costs, expenses, and loss of earnings, and reputation in an amount to be shown and proven at trial. Plaintiffs Patricia Jane Morgensen and David Morgensen, in no way instigated, caused or contributed to the complained of conduct.

Patricia Jane Morgensen and David Morgensen, further state that the allegations of this Cause of Action are stated on their personal experience, information and belief with more evidentiary support likely after a reasonable opportunity for further investigation or discovery.

15
ADVERSARY PROCEEDING ACTION IN THE FORM OF A VERIFIED COMPLAINT TO SET ASIDE A FRAUDULENT FORECLOSURE, FOR DAMAGES, FOR ATTEMPTED CONVERSION, AND FOR AN ORDER DISCHARGING THE ALLEGED LOAN, DUE TO FRAUD, DECEIT, MISREPRESENTATION, LACK OF FULL DISCLOSURE, AND LACK OF CONSTITUTIONAL DUE PROCESS OF LAW

Case: 12-05200   Doc# 1   Filed: 10/10/12   Entered: 10/10/12 13:41:44   Page 15 of 18

As to ALL named defendants, **Mortgage Electronic Registration Systems, Inc., a California Corporation; 2CI Direct, LLC, a California Corporation; Downey Savings and Loan Association, F.A.; Central Mortgage Company DBA Central Mortgage Loan Servicing Company and its Successors and/or Assignees, and its Successors and/or Assignees**; Plaintiffs repeat, reiterate and re-allege by reference each and every allegation contained in the Statement of Facts in this complaint designated "1" through "35," inclusive, with the same force and effect as though each are fully set forth in full herein.

Plaintiffs Patricia Jane Morgensen and David Morgensen declare that they are informed and believe and upon that information and belief allege that the named defendants **Mortgage Electronic Registration Systems, Inc., a California Corporation; 2CI Direct, LLC, a California Corporation; Downey Savings and Loan Association, F.A.; Central Mortgage Company DBA Central Mortgage Loan Servicing Company and its Successors and/or Assignees, and its Successors and/or Assignees**; have on more than one occasion, showing a pattern of Racketeering, injured them in the creation of fictitious money lent to them and the conversion of their fictitious funds to their bricks and mortar they calls their home without recognition of their Constitutional Right to DUE PROCESS OF LAW regarding the lawful creation of the alleged "loan" and its possible future foreclosure before they could sell their home, which effected their right to interstate commerce.

The named defendants, had a constitutional PRIMARY DUTY and responsibility, to provide DUE PROCESS OF LAW to Plaintiffs Patricia Jane

16
ADVERSARY PROCEEDING ACTION IN THE FORM OF A VERIFIED COMPLAINT TO SET ASIDE A FRAUDULENT FORECLOSURE, FOR DAMAGES, FOR ATTEMPTED CONVERSION, AND FOR AN ORDER DISCHARGING THE ALLEGED LOAN, DUE TO FRAUD, DECEIT, MISREPRESENTATION, LACK OF FULL DISCLOSURE, AND LACK OF CONSTITUTIONAL DUE PROCESS OF LAW

Case: 12-05200　　Doc# 1　　Filed: 10/10/12　　Entered: 10/10/12 13:41:44　　Page 16 of 18

Patricia Jane Morgensen and David Morgensen, state that solely by reason of all the foregoing actions and inactions, by the named defendants, it was the above-described wrongs which are the proximate cause of the emotional distress and suffering, the related social injury, and the financial injury, costs, expenses, and loss of earnings, and reputation in an amount to be shown and proven at trial. Plaintiffs Patricia Jane Morgensen and David Morgensen, in no way instigated, caused or contributed to the complained of conduct.

Patricia Jane Morgensen and David Morgensen, further state that the allegations of this Cause of Action are stated on their personal experience, information and belief with more evidentiary support likely after a reasonable opportunity for further investigation or discovery.

## CONCLUSION

For all of the above stated facts, the subject foreclosure was the result of an alleged "loan," that was based upon fraud, deceit, misrepresentation, Lack of Full Disclosure. The subject foreclosure should be set aside, and its related alleged loan should be DISCHARGED as a matter of law, and in the interest of justice.

WHEREBY, Plaintiffs Patricia Jane Morgensen and David Morgensen request this Honorable Court:

1. To issue an Order that the subject foreclosure be set aside, as a matter of law, and in the Interest of Justice.

2. To issue an Order that the related alleged "loan" be Discharged, as a matter of law, and in the Interest of Justice.

3. For General Damages of $100,000.00 in the Money of Account of the United State from each Defendant.

Case: 12-05200    Doc# 1    Filed: 10/10/12    Entered: 10/10/12 13:41:44    Page 17 of 18

4. For Damage to Plaintiffs's credit of $100,000.00 in the Money of Account of the United State from each Defendant.

5. For Pain and Suffering the amount of $100,000.00 in the Money of Account of the United State from each Defendant.

6. For Punitive Damages of $300,000.00 in the Money of Account of the United State from each President and/or C.E.O. of the Defendant Corporations/Entities.

6. For other damages allowed by California Law that this Honorable Court deems is Just and Proper.

Executed by the voluntary act of Our own hands in Scotts Valley Township and dated this ninth day of the tenth month, in the year two thousand and twelve.

*Patricia Jane Morgensen*
Patricia Jane Morgensen

*David Morgensen*
David Morgensen

A Seventh Amendment Trial BY Jury is hereby DEMANDED as the amount in controversy is more than $20.00.

*Patricia Jane Morgensen*
Patricia Jane Morgensen

*David Morgensen*
David Morgensen

18
ADVERSARY PROCEEDING ACTION IN THE FORM OF A VERIFIED COMPLAINT TO SET ASIDE A FRAUDULENT FORECLOSURE, FOR DAMAGES, FOR ATTEMPTED CONVERSION, AND FOR AN ORDER DISCHARGING THE ALLEGED LOAN, DUE TO FRAUD, DECEIT, MISREPRESENTATION, LACK OF FULL DISCLOSURE, AND LACK OF CONSTITUTIONAL DUE PROCESS OF LAW